IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN THE MATTER OF THE SEARCH OF
CERTAIN ELECTRONIC DEVICES
AND STORAGE MEDIA IDENTIFIED IN
ATTACHMENT A

CASE NO. 16-3273TJS

___ FILED ___ ENTERED
___ LOGGED ___ RECEIVED

FEB 1 0 2017

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Christine D. Carlson, a Special Agent (SA) with the Department of Homeland Security, Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), being duly sworn, depose and state that:

1. I have been an Agent since June 1996. As part of my daily duties as an HSI agent, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252 and 2252A. I have gained experience through training in seminars, classes, and daily work related to conducting these types of investigations. Specifically, I have received formal training through U.S. Customs, HSI, and other agencies in the area of child pornography, pedophile behavior, collectors of other obscene material, and internet crime. I have participated in the execution of numerous search warrants, which involved child exploitation and/or child pornography offenses. Many of the child exploitation and/or child pornography search warrants resulted in the seizure of computers, cell phones, magnetic storage media for computers, other electronic media, and other items evidencing violation of federal laws, including various sections of Title 18, United States Code, Section 2252A involving child exploitation offenses. I have also participated in the execution of numerous search warrants for online accounts, such as email accounts, online storage accounts and other online communication accounts related to child exploitation and/or child pornography.

In the course of my employment with HSI, I have observed and reviewed numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media and within online accounts.

2. As a federal agent, I am authorized to investigate violations of laws of the United States and I am a law enforcement officer with the authority to affect arrests and execute warrants issued under the authority of the United States.

3. This affidavit is being submitted in support of a search warrant for a desktop computer, two laptop computers, four cell phones, a camcorder, a digital camera containing two 2GB SD cards, two VHS tapes, and 108 pieces of removable/optical media located at the offices of the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations, 40 South Gay Street, Room 427, Baltimore, Maryland, property of **Alexander C. SULLIVAN (SULLIVAN)** which were initially seized from the person of **SULLIVAN** in a search incident to arrest, by the King George County Sheriff's Office pursuant to a state search warrant executed on November 17, 2016, and by the Charles County Sheriff's Office pursuant to a state search warrant executed on November 21, 2016. I contend based on the allegations therein and further facts set forth in this affidavit that there is probable cause to believe that the contents of the computer, and other digital storage devices contain evidence of violations of Title 18, United States Code, Section 2252A(a)(2)(receipt of child pornography), and Title 18, United States Code, Section 2252A(a)(5)(B)(possession of child pornography).

4. The statements in this affidavit are based in part on information provided by detectives of the Charles County Sheriff's Office, the King George County Sheriff's Office and Special Agents of HSI, as well as documents and reports prepared by detectives of the Charles County Sheriff's Office and the King George County Sheriff's Office, and on my experience and

background as a Special Agent of HSI. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probably cause to believe that evidence, fruits, and instrumentalities of the violations of Title 18, United States Code, Section 2252A(a)(2) (receipt of child pornography), and Title 18, United States Code, Section 2252A(a)(5)(B) (possession of child pornography) are located within the laptop, cell phone, and removable media currently in the custody of ICE-HSI.

### SUMMARY CONCERNING CHILD PORNOGRAPHY, PERSONS WHO POSSESS AND COLLECT CHILD PORNOGRAPHY AND HOW USE OF COMPUTERS AND THE INTERNET RELATES TO THE POSSESSION, RECEIPT AND DISTRIBUTION OF CHILD PORNOGRAPHY

5. Based on my investigative experience related to child pornography investigations, and the training and experience of other law enforcement officers with whom I have had discussions, I have learned that individuals who utilize the internet to view and receive images of child pornography are often individuals who have a sexual interest in children and in images of children, and that there are certain characteristics common to such individuals, including the following:

    a. Individuals who have a sexual interest in children or images of children may receive sexual gratification, stimulation, and satisfaction from contact with children, or from fantasies they may have viewing children engaged in sexual activity or in sexually suggestive poses, such as in person, in photographs, or other visual media, or from literature describing such activity.

    b. Individuals who have a sexual interest in children or images of children may collect sexually explicit or suggestive materials, in a variety of media, including photographs, magazines, motion pictures, videotapes, books, slides and/or drawings or other visual media. Individuals who have a sexual interest in children or images of children oftentimes use these materials for their own sexual arousal and gratification. Further, they may use these materials to lower the inhibitions of children they are attempting to seduce, to arouse the selected child partner, or to demonstrate the desired sexual acts.

3

c.  Individuals who have a sexual interest in children or images of children frequently maintain their "hard copies" of child pornographic material, that is, their pictures, films, video tapes, magazines, negatives, photographs, correspondence, mailing lists, books, tape recordings, etc., in the privacy and security of their home or some other secure location. Individuals who have a sexual interest in children or images of children typically retain pictures, films, photographs, negatives, magazines, correspondence, books, tape recordings, mailing lists, child erotica, and videotapes for many years.

d.  Likewise, individuals who have a sexual interest in children or images of children often maintain their collections that are in a digital or electronic format in a safe, secure and private environment, such as a computer and surrounding area. These collections are often maintained for several years and are kept close by, usually at the collector's residence, or in online storage, email accounts or other online communication accounts, to enable the individual to view the collection, which is valued highly.

e.  Individuals who have a sexual interest in children or images of children also may correspond with and/or meet others to share information and materials, rarely destroy correspondence from other child pornography distributors/collectors, conceal such correspondence as they do their sexually explicit material, and often maintain lists of names, addresses, and telephone numbers of individuals with whom they have been in contact and who share the same interests in child pornography. This data is typically in digital format, and often maintained on computers and in online storage, email accounts or other online communication accounts.

f.  Individuals who would have knowledge on how to distribute and receive digital images of child pornography through the use of Peer to Peer networks and other online methods would have gained knowledge of its location through online communication with others of similar interest. Other forums, such as bulletin boards, newsgroups, IRC chat or chat rooms have forums dedicated to the trafficking of child pornography images. Individuals who utilize these types of forums are considered more advanced users and therefore more experienced in acquiring a collection of child pornography images.

g.  Individuals who have a sexual interest in children or images of children prefer not to be without their child pornography for any prolonged time period. This behavior has been consistently documented by law enforcement officers involved in the investigation of child pornography.

6.  Based on my investigative experience related to computer and internet related child pornography investigations, and the training and experience of other law enforcement officers with whom I have had discussions, I have learned the following:

a. Computers and computer technology have revolutionized the way in which child pornography is produced, distributed, and utilized. It has also revolutionized the way in which child pornography collectors interact with each other. Child pornography formerly was produced using cameras and film (either still photography or movies.) The photographs required darkroom facilities and a significant amount of skill in order to develop and reproduce the images. As a result, there were definable costs involved with the production of pornographic images. To distribute these on any scale also required significant resources. The photographs themselves were somewhat bulky and required secure storage to prevent their exposure to the public. The distribution of these wares was accomplished through a combination of personal contact, mailings, and telephone calls. Any reimbursement would follow these same paths.

b. The development of computers and the internet have added to the methods used by child pornography collectors to interact with and sexually exploit children. Computers and the internet serve four functions in connection with child pornography. These are production, communication, distribution, and storage.

c. Child pornographers can now transfer photographs from a camera onto a computer-readable format. With the advent of digital cameras, the images can now be transferred directly onto a computer. A device known as a modem allows any computer to connect to another computer through the use of telephone, cable, or wireless connection. Electronic contact can be made to literally millions of computers around the world. The ability to produce child pornography easily, reproduce it inexpensively, and market it anonymously (through electronic communications) has drastically changed the method of distribution and receipt of child pornography.

d. Child pornography can be transferred via electronic mail or through file transfer protocols (FTP) to anyone with access to a computer and modem. Because of the proliferation of commercial services that provide electronic mail service, chat services (i.e., "Instant Messaging"), easy access to the Internet, and online file sharing and storage, the computer is a preferred method of distribution and receipt of child pornographic materials.

e. The Internet and its World Wide Web afford collectors of child pornography several different venues for obtaining, viewing, and trading child pornography in a relatively secure and anonymous fashion. Collectors and distributors of child pornography use online resources to retrieve and store child pornography, including services offered by Internet Portals such as AOL Inc., Yahoo! and Google, Inc., Facebook, Dropbox, Instagram, among others. The online services allow a user to set up an account with a remote computing service that provides e-mail services, file exchange services, messaging services, as well as electronic storage of computer files in any variety of formats. A user can set up an online storage account from any computer with access to the Internet. Email accounts, online storage accounts, and other online communication accounts allow users to save significant

      amounts of data, including email, images, videos, and other files. The data is maintained on the servers of the providers, and is occasionally retained by the providers after the user deletes the data from their account.

    f.    In my recent investigative experience, as well as recent discussions with law enforcement officers, I know that individuals who collect child pornography are using email accounts, online storage accounts, and other online communications accounts to obtain, store, maintain, and trade child pornography with growing frequency, in addition to, or as an alternative to, the use of personal devices.

### FACTS AND CIRCUMSTANCES OF THE INVESTIGATION

7.    In October and November 2016, Synchronoss Technologies Inc. reported four separate complaints to the National Center for Missing and Exploited Children (NCMEC) that an individual using the phone number ending in 1365 (Cellphone A) uploaded suspected images of child pornography. On November 4, 2016, Charles County (Maryland) Detective Long received the NCMEC cybertips related to the uploading of child pornography by an individual using Cellphone A.

8.    On October 6, 2016, Synchronoss Technologies Inc. reported to NCMEC that an individual using Cellphone A uploaded six suspected images of child pornography. I have reviewed the six images and determined that three of the six are child pornography as defined by Title 18, United States Code, Section 2256(8) and the other three images are child erotica. By way of example, two of the images uploaded are described as follows:

    a.    **ed3a56c29c2849efadd0248a60c03bd5_file3** – this image depicts a minor female naked from the waist down sitting on the ground in the woods with her knees bent and legs spread exposing her genitalia. The minor female is spreading the lips of her vagina with her left hand and touching her vagina with her right hand.

    b.    **ed3a56c29c2849efadd0248a60c03bd5_file6** – this image depicts a minor female naked from the waist down sitting on the ground in the woods with her knees bent and her legs spread exposing her genitalia. The minor female is using her hands to spread the lips of her vagina.

9. On October 10, 2016, Synchronoss Technologies, Inc. reported to NCMEC that an individual using Cellphone A uploaded one images of suspected child pornography. I have reviewed the image and determined that it is child erotica. The image is described as follows:

    a. **ed3a56c29c2849efadd0248a60c03bd5_file1** – this image depicts a naked prepubescent minor standing with her legs slightly spread facing the camera.

10. On October 20, 2016, Synchronoss Technologies, Inc. reported to NCMEC that an individual using Cellphone A uploaded two images of suspected child pornography. I have reviewed the images and determined that one of two is child pornography as defined by Title 18, United States Code, Section 2256(8) and the other image is child erotica. The image of child pornography is described as follows:

    a. **ed3a56c29c2849efadd0248a60c03bd5_file1** – this image depicts a naked prepubescent minor sitting on a stool in a bathroom with her legs spread exposing her genitalia to the camera.

11. On November 1, 2016, Synchronoss Technologies, Inc. reported to NCMEC that an individual using Cellphone A uploaded on image of suspected child pornography. I have reviewed the image and determined that it is child pornography as defined in Title 18, United States Code, Section 2256(8). The image is described as follows:

    a. **ed3a56c29c2849efadd0248a60c03bd5_file1** – this image depicts a minor female naked from the waist down lying on the floor with her legs up in the air. The minor female's legs are spread exposing her genitalia.

12. A public database search was conducted using the phone number Cellphone A and the following information was obtained: Alexander Sullivan, 6 Elder Place, Indian Head, Maryland 20640.

13. Detective Long recognized the name and phone number as that belonging to a police officer employed by the Charles County Sheriff's Office. Detective Long conducted an

employee information search using the name Alexander Sullivan and confirmed that **SULLIVAN**'s personal cell phone number is Cellphone A and his address is 6 Elder Place, Indian Head, Maryland 20640. Detective Long had previously contacted **SULLIVAN** using this phone number and knew this to be **SULLIVAN**'s personal cell phone number. Detective Long also knew that **SULLIVAN** has recently gotten married and moved from the residence in Indian Head, Maryland to King George, Virginia.

14. On November 17, 2016, Detective Long swore out a search warrant for the body of **SULLIVAN** and any cellular telephone in **SULLIVAN**'s possession bearing the number of Cellphone A.

15. On November 17, 2016, Detective Long executed the search warrant in Charles County, Maryland, for the body of **SULLIVAN** and seized a Verizon Droid cell phone. **SULLIVAN** was then advised of his *Miranda* rights which **SULLIVAN** stated he understood. **SULLIVAN** then declined to answer questions without an attorney present. The interview was terminated.

16. On November 17, 2016, the search warrant was also executed on the Verizon Droid cell phone. The forensic analysis of the cell phone revealed over 200 images of suspected child pornography and five videos of suspected child pornography. By way of example, two of the images located in the downloads folder on the Verizon Droid cell phone are described below:

    a. **imgsrc.ru_50858806QmS.jpg** – this image depicts a minor female with her mouth on the penis of a prepubescent male. This image is from the know victim series "Helen."

    b. **imgsrc.ru_50858801N1I.jpg** – this image depicts two minor females and one minor male lying on a bed. The minor male is lying between the two minor females. The first minor female has her mouth on the erect penis of the minor male and the minor male has his right hand on the exposed vagina of the second minor female.

17. On November 17, 2016, Detective D. Massey from the King George County Sheriff's Office swore out a search warrant for **SULLIVAN**'s residence located at 17136 Fence Road, King George, Virginia.

18. On November 17, 2016, detectives and officers from the King George County Sheriff's Office executed the search warrant at **SULLIVAN**'s residence.

19. The following are descriptions of the items seized from **SULLIVAN**'s residence in King George, Virginia and are the subject of this affidavit and search warrant:

- *HP Pavilion desktop, sn: MXX9130G8T*
- *Asus laptop, sn: B8N0AS529166349*
- *Apple iPhone A1533, IMEI: 358752058636394*
- *Various removable/optical media (CDs/DVDs), 107 pieces*
- *Verizon Droid Turbo cell phone*
- *JVC Everio camcorder, sn: 144L0755*
- *VHS tapes, 2 each*

20. The items listed in paragraph 19 above were seized by King George County Sheriff's Office and subsequently turned over to me.

21. On November 21, 2016, members of the Charles County Sheriff's Office executed a search warrant on the Charles County police cruiser assigned to **SULLIVAN**.

22. The following are descriptions of the items seized from **SULLIVAN**'s police cruiser in Charles County, Maryland and are the subject of this affidavit and search warrant:

- *Panasonic Toughbook CF-30 laptop, sn: 8JKYB95727*
- *Transcend 8GB thumb drive*
- *Nikon Coolpix digital camera with two 2GB SD cards*
- *Casio cell phone, sn: 141701385512*

23. The items listed in paragraph 22 above were seized by Charles County Sheriff's Office and subsequently turned over to me.

24. On November 21, 2016, the Honorable Chief U.S. Magistrate Judge William Connelly authorized a complaint and arrest warrant for **SULLIVAN** charging him with one count

of possession of child pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

25. On November 21, 2016, **SULLIVAN** was arrested at the King George Sheriff's Office, King George, Virginia. Pursuant to a search incident to arrest, a cell phone was seized from **SULLIVAN**'s person.

26. The following is a description of the item seized from **SULLIVAN**'s person on November 21, 2016 and is the subject of this affidavit and search warrant:

   - *LG cell phone, sn: 609CQUK0002398*

27. The item listed in paragraph 26 above was seized by King George County Sheriff's Office and subsequently turned over to me.

28. Even though a member of the Charles County Sheriff's Office and the King George County Sheriff's Office obtained search warrants for the police cruiser and residence, it should be noted that as of the date of this application, neither I, nor any other federal agent, has attempted to inspect, review, copy and/or search said evidence in any manner whatsoever. Based on the advice of Assistant United States Attorneys Joseph Baldwin and Kristi O'Malley, and out of an abundance of caution, I am applying for the issuance of a federal search warrant as a prerequisite to any forensic search or analysis of the items described in Attachment A.

## **CONCLUSION**

29. Based on the foregoing, I respectfully submit that there is probable cause to believe that the aforementioned federal statutes have been violated and that there is probable cause to believe that evidence of these crimes can be found on the desktop computer, two laptop computers, four cell phones, and other storage devices seized from the residence, person or

police cruiser of **SULLIVAN**, and currently stored by Homeland Security Investigations in their offices located in Baltimore, Maryland.

30.     WHEREFORE, I respectfully request that this Court issue a search warrant to search the items described in Attachment A, which is incorporated herein by reference, and to seize any items located pursuant to the search as described in Attachment B, which is also incorporated herein by reference.

_____
Christine D. Carlson
Special Agent
Homeland Security Investigations

Subscribed to and sworn before me this ___16th___ day of December, 2016.

_____
THE HONORABLE TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

16-3273TJS

**ATTACHMENT A**

DESCRIPTION OF ITEMS TO BE SEARCHED

The following is a list of items seized from 17136 Fence Road, King George, Virginia 22485, the police cruiser assigned to SULLIVAN and from SULLIVAN's person.

- *HP Pavilion desktop, sn: MXX9130G8T*
- *Asus laptop, sn: B8N0AS529166349*
- *Apple iPhone A1533, IMEI: 358752058636394*
- *Various removable/optical media (CDs/DVDs), 107 pieces*
- *Verizon Droid Turbo cell phone*
- *JVC Everio camcorder, sn: 144L0755*
- *VHS tapes, 2 each*
- *Panasonic Toughbook CF-30 laptop, sn: 8JKYB95727*
- *Transcend 8GB thumb drive*
- *Nikon Coolpix digital camera with two 2GB SD cards*
- *Casio cell phone, sn: 141701385512*
- *LG cell phone, sn: 609CQUK0002398*

## ATTACHMENT B
## LIST OF ITEMS TO BE SEIZED

The items in Attachment A may be searched for the following items, which may be seized:

All records, documents, items, data and other information that may constitute fruits or instrumentalities of, or contain evidence related to, violation of Title 18 U.S.C. §§ 2252A(a)(2) and 2252A(a)(5)(B), including, but not limited to, the following:

1. Any and all notes, documents, records, or correspondence pertaining to child pornography as defined under Title 18, United States Code, Section 2256(8).

2. Any and all correspondence identifying person transmitting, receiving or possessing, through interstate commerce including by U.S. Mails or by computer, any visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(a).

3. Any and all records, documents, invoices and materials that concern any online accounts, including Internet Service Providers, social networking sites, gaming sites or networks, screen names, or email accounts.

4. Any and all visual depictions of minors.

5. Any and all documents, records, or correspondence pertaining to occupancy or other connection to 17136 Fence Road, King George, VA 22485.

6. Any and all diaries, notebooks, notes and any other records reflecting personal contact and any other activities with minors visually depicted while engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2).

7. Any and all diaries, notebooks, notes, pictures, chats, directions, maps, banking, travel, documents, and any other records reflecting personal contact and any other activities with minors.

8. Any and all notes, documents, records, photos or correspondences that relate to travel.

9. Any and all notes, documents, records, photos or correspondence that indicate a sexual interest in children, including, but not limited to:

    a. Correspondence with children;
    b. Any and all visual depictions of minors;
    c. Internet browsing history;
    d. Books, logs, diaries and other documents.

As used above, the terms "records, documents, messages, correspondence, data and materials" includes records, documents, messages, correspondence, data, and materials, created, modified or stored in any form, including electronic or digital form, and by whatever means they may have been created and/or stored. This includes any handmade, photographic, mechanical, electrical, electronic, and/or magnetic forms. It also includes items in the form of a computer, hardware, software, documentation, passwords, and/or data security devices.

10. Evidence of who used, owned, or controlled the computer and/or media at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contact, "chat," instant messaging logs, photographs, and correspondence;

   a. Evidence of software that would allow others to control the computer and/or media, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;
   b. Evidence of the lack of such malicious software;
   c. Evidence of the attachment to the computer and/or media of other storage devices or similar containers for electronic evidence;
   d. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the computer and/or media;
   e. Evidence of the times the computer and/or media was used;
   f. Passwords, encryption keys, and other access devices that may be necessary to access the computer and/or media;
   g. Documentation and manuals that may be necessary to access the computer and/or media or to conduct a forensic examination of the computer and/or media;
   h. Contextual information necessary to understand the evidence described in this attachment.

Any of the items described above which are stored in the form of magnetic or electronic coding on computer media or on media capable of being read by a computer with the aid of computer-related equipment, including floppy diskettes, fixed hard disks, or removable hard disk cartridges, software or memory in any form. The search procedure of the electronic data contained in computer operating software or memory devices shall include the following techniques which shall be used to minimize the risk that those conducting the search will view information not within the scope of the warrant:

   a. surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for markings it contains and opening a drawer believed to contain pertinent files);
   b. "opening" or cursorily reading the first few "pages" of such files in order to determine their precise contents;
   c. "scanning" storage areas to discover and possibly recover recently deleted files;
   d. "scanning" storage areas for deliberately hidden files; or

   e. performing key word or other search and retrieval searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation.

  11. If after performing these procedures, the directories, files or storage areas do not reveal evidence of child pornography or other criminal activity, the further search of that particular directory, file, or storage area shall cease.